UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ERIC WRIGHT,

           Plaintiff,

   v.

MICHAEL ALBERTS, *et al*.,

           Defendants.

CASE NO. C09-5718RBL

ORDER TO AMEND OR SHOW CAUSE

     This Civil Rights Action has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and 636 (b)(1)(B), and Local Magistrate Judge's Rule MJR3 and MJR4. The Court, having reviewed plaintiff's application for IFP, complaint and the balance of the record contained herein, does hereby find and ORDER:

     A complaint is frivolous when it has no arguable basis in law or fact. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(d). Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing* Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir.

ORDER - 1

1984)). The court must construe the pleading in the light most favorable to plaintiff and resolve all doubts in plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). Unless it is absolutely clear that amendment would be futile, however, a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies. Noll, 809 F.2d at 1448.

On December 1, 2009, the court granted plaintiff's application to proceed in forma pauperis. The court subsequently reviewed the Complaint in this matter and finds that it is deficient for the following reasons.

(1) The allegations in the Complaint call into question the validity of a criminal conviction. For instance, plaintiff alleges he was forced to plead guilty to criminal charges due to the use of "false" information. Plaintiff also alleges he was denied exculpatory evidence during the discovery phase of his criminal prosecution. These claims cannot be brought in this civil suit, which asks for monetary damages, until and unless the underlying criminal conviction is either reversed, expunged, invalidated or impugned by the grant of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 489 (1994). The court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Id. Plaintiff is fully aware of this requirement as it was the basis for dismissal of two previous related lawsuits. *See* C08-5388RBL and C08-5603RJB.

(2) Plaintiff names several individuals in his Complaint who do not appear to be proper defendants. To state a claim under 42 U.S.C. § 1983, a complaint must allege that (a) the conduct complained of was committed by a person acting under color of state law and that (b) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other*

ORDER - 2

*grounds*, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986). First, plaintiff has failed to show how Defendants William Ferrell and Antonio Hill personally participated in any wrongdoing or acted under color of state law. Plaintiff names these individuals in the caption of the Complaint, but does not allege any facts showing how they personally participated in causing any deprivation of plaintiff's civil rights. A plaintiff must allege facts showing how each individually named defendant caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). Moreover, these two defendants are named as attorneys, who presumably represented plaintiff in the underlying criminal matter. Generally, criminal defense attorneys, including public defenders, are considered private parties who did not act under color of state law. Polk County v. Dodson, 454 U.S. 312, 317-18 (1981).

(3) Plaintiff names Kawyne Lund, a state county prosecutor, as a defendant. Prosecutors are entitled to immunity from liability for damages under § 1983. Imbler v. Pachtman, 424 U.S. 409, 427 (1976). Prosecutorial immunity protects a prosecutor who "acts within his or her authority and in a quasi-judicial capacity." Kalina v. Fletcher, 522 U.S. 118 (1997); Ashelman v. Pope, 793 F.2d 1072, 1076 (*citing* Imbler, 424 U.S. at 430-31). "If the prosecutor acts as an advocate 'in initiating a prosecution and in presenting the State's case,' absolute immunity is warranted." Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 678 (9th Cir. 1984) (*quoting* Imbler, 424 U.S. at 430-31). Prosecutorial immunity applies "even if it leaves 'the genuinely wronged defendant without civil redress against a prosecutor

whose malicious or dishonest action deprives him of liberty.'" Ashelman, 793 F.2d at 1075 (*citations omitted*).

Due to the deficiencies described above, **by no later than January 1, 2010**, Plaintiff shall either file an amended complaint, curing, if possible, the above noted deficiencies, or show cause why this matter should not be summarily dismissed. If an amended complaint is not timely filed or if plaintiff fails to adequately respond, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915, and such dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

The Clerk is directed to send plaintiff a copy of this Order and the General Order.

DATED this 1st day of December, 2009.

J. Richard Creatura
United States Magistrate Judge