UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ERIC WRIGHT,

    Plaintiff,

v.

MICHAEL ALBERTS, *et al*.,

    Defendants.

Case No. C09-5718RBL

REPORT AND RECOMMENDATION

**NOTED FOR**:
February 12, 2010

This Civil Rights Action filed pursuant to 42 U.S.C. § 1983 has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.

On December 1, 2009, the court granted plaintiff leave to proceed in forma pauperis (Dkt. # 3). The court also entered an Order to Amend the Action or Show Cause why the action should not be dismissed (Dkt. # 5). Plaintiff is challenging his current incarceration (Dkt. # 1, proposed complaint). The order gave plaintiff until January 1, 2010 to respond. As of January 20, 2010, there has been no response. Accordingly the court enters this Report and

REPORT AND RECOMMENDATION- 1

Recommendation that this action be dismissed WITHOUT PREJUDICE for failure to comply with a court order and failure to cure the defects in the complaint.

It should also be noted that the allegations in the complaint call into question the validity of a criminal conviction. For instance, plaintiff alleges he was forced to plead guilty to criminal charges due to the use of "false" information. Plaintiff also alleges he was denied exculpatory evidence during the discovery phase of his criminal prosecution. These claims cannot be brought in this civil suit, which asks for monetary damages, until and unless the underlying criminal conviction is either reversed, expunged, invalidated or impugned by the grant of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 489 (1994). The court stated:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Id. Plaintiff is fully aware of this requirement as it was the basis for dismissal of two previous related lawsuits. *See* C08-5388RBL and C08-5603RJB.

Additionally, plaintiff names several individuals in his Complaint who do not appear to be proper defendants. To state a claim under 42 U.S.C. § 1983, a complaint must allege that (a) the conduct complained of was committed by a person acting under color of state law and that (b) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986). First, plaintiff has failed to show how Defendants William Ferrell and Antonio Hill personally participated in any wrongdoing or acted under color of state law. Plaintiff names these individuals in the caption of

REPORT AND RECOMMENDATION- 2

the Complaint, but does not allege any facts showing how they personally participated in causing any deprivation of plaintiff's civil rights. A plaintiff must allege facts showing how each individually named defendant caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). Moreover, these two defendants are named as attorneys, who presumably represented plaintiff in the underlying criminal matter. Generally, criminal defense attorneys, including public defenders, are considered private parties who did not act under color of state law. Polk County v. Dodson, 454 U.S. 312, 317-18 (1981).

Plaintiff names Kawyne Lund, a state county prosecutor, as a defendant. Prosecutors are entitled to immunity from liability for damages under § 1983. Imbler v. Pachtman, 424 U.S. 409, 427 (1976). Prosecutorial immunity protects a prosecutor who "acts within his or her authority and in a quasi-judicial capacity." Kalina v. Fletcher, 522 U.S. 118 1997); Ashelman v. Pope, 793 F.2d 1072, 1076 (*citing* Imbler, 424 U.S. at 430-31). "If the prosecutor acts as an advocate 'in initiating a prosecution and in presenting the State's case,' absolute immunity is warranted." Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 678 (9th Cir. 1984) (*quoting* Imbler, 424 U.S. at 430-31). Prosecutorial immunity applies "even if it leaves 'the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty.'" Ashelman, 793 F.2d at 1075 (citations omitted).

## CONCLUSION

Plaintiff has failed to cure the defects in his complaint and failed to comply with a court order. Accordingly, this action should be DISMISSED WITHOUT PREJUDICE.

REPORT AND RECOMMENDATION- 3

| | |
|---|---|
| 1 | Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Fed. R. Civ. P., the parties shall have fourteen (14) days from service of this Report to file written objections. <u>See also</u> Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on February 12, 2010, as noted in the caption. |

Dated this 20th day of January, 2010.

_____
J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION- 4